**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GERSON JOSE REYES-GARCIA, | No. 13-70541 |
| Petitioner, | Agency No. A089-858-519 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 25, 2014**

Before: HAWKINS, TALLMAN, and NGUYEN, Circuit Judges.

Gerson Jose Reyes-Garcia, a native and citizen of Guatemala, petitions for

review of an order of the Board of Immigration Appeals ("BIA") denying his

motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C.

§ 1252. We review for abuse of discretion the denial of a motion to reopen and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

review de novo questions of law. *Lopez-Vasquez v. Holder*, 706 F.3d 1072, 1078 (9th Cir. 2013). We deny the petition for review.

The BIA did not abuse its discretion by denying for lack of prima facie eligibility for relief Reyes-Garcia's motion to reopen to seek cancellation of removal. *See id.* at 1080 ("The BIA is entitled to deny a motion to reopen where the applicant fails to demonstrate prima facie eligibility for the underlying relief."). The new evidence accompanying Reyes-Garcia's motion did not reveal a reasonable likelihood that he would succeed in demonstrating the requisite exceptional and extremely unusual hardship in reopened proceedings. *See Garcia v. Holder*, 621 F.3d 906, 912-13 (9th Cir. 2010) (stating that prima facie eligibility "is established when 'the evidence reveals a reasonable likelihood that the statutory requirements for relief have been satisfied,'" and holding that, where hardship evidence "might . . . warrant reopening," the BIA does "not abuse its discretion by concluding otherwise" (citation omitted)).

In reaching this conclusion, the BIA did not err by not noting the government's lack of opposition to Reyes-Garcia's motion to reopen. *See Limsico v. INS*, 951 F.2d 210, 213 (9th Cir. 1991) (holding that the BIA does "not err" by denying a "motion to reopen without an opposition" from the government).

We are not persuaded the BIA's characterization of Reyes-Garcia's

13-70541

daughter's psychological condition as "severe" indicates that the BIA failed to give proper consideration to Reyes-Garcia's motion.

To the extent that Reyes-Garcia claims that the BIA's denial of his motion to reopen violated due process, his claim lacks merit. *See Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010) ("In order to prevail on [a due process] claim, the alien . . . must show prejudice, 'which means that the outcome of the proceeding may have been affected by the alleged violation.'" (citation omitted)).

**PETITION FOR REVIEW DENIED.**